UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADRIAN MAHDEE AKRAM,

      Petitioner,

                                      CASE NO. 16-11357
v.                                      HON. JOHN CORBETT O'MEARA

JEFFREY WOODS,

      Respondent.
_____/

**<u>ORDER DENYING PETITIONER'S MOTION FOR A STAY (ECF NO. 5)</u>**
**<u>AND</u>**
**<u>DIRECTING PETITIONER TO INFORM THE COURT WHETHER HE WANTS TO PROCEED WITH HIS CURRENT CLAIMS OR DISMISS HIS CASE</u>**

### I. Introduction

On or about April 7, 2016, state prisoner Adrian Mahdee Akram ("Akram") wrote to the Clerk of this Court and indicated that he was indigent and needed assistance of counsel to file a habeas corpus petition. Akram also inquired about the tolling of the statute of limitations and whether he should file a federal habeas corpus petition or a "6.500 motion" in state court. The Clerk of the Court treated Akram's letter as a petition for the writ of habeas corpus and filed it as such. On June 7, 2016, the Executive Magistrate Judge ordered Akram to pay the filing fee or to apply for permission to proceed without prepayment of the filing fee and to submit a petition for the writ of

1

habeas corpus.[1] Akram subsequently paid the filing fee, and on July 11, 2016, he filed an application for the writ of habeas corpus and a motion to stay these proceedings.

Akram alleges in his habeas petition that he was convicted in 2012 of first-degree murder, felon in possession of a firearm, and felony firearm. He states that the Michigan Court of Appeals affirmed his convictions and that the Michigan Supreme Court denied leave to appeal.

The Court understands Akram's grounds for habeas relief to be: (1) trial counsel was ineffective for failing to investigate potential witnesses; (2) the state trial court (a) violated his right to confront the witnesses against him by excluding impeachment evidence and (b) was complacent about allowing false identification evidence to go uncorrected; and (3) the trial court erred when it denied his motion to suppress eyewitness identification testimony. It appears that Akram may also be arguing that: (4) the prosecution withheld key evidence; (5) his retrial violated the Double Jeopardy Clause; (6) the trial court violated his right to confront the witnesses against him by excluding evidence that a witness mischaracterized his criminal record; and (7) the trial court deprived him of due process and a fair trial by refusing to sequester a police officer who testified for the prosecution.

In his motion for a stay, Akram states that he filed a post-conviction motion for fraud on the court and that the motion remains pending in state court. He asks the Court to hold his habeas petition in abeyance while he exhausts state remedies for this new claim.

---

[1] Although the Executive Magistrate Judge is not the Magistrate Judge assigned to this case, he has authority to issue preliminary orders in habeas corpus cases filed by prisoners. LR 72.1(b)(2) (E.D. Mich. Mar. 1, 2010).

Finally, in a letter addressed to the Chief Judge of this Court,[2] Akram states that an injustice has been done in his case. Specifically, Akram states that the Court erroneously treated his letter to the Clerk of the Court as a habeas petition when he merely wanted to know whether his state-court motion tolled the time for filing a federal habeas petition and whether he could obtain legal assistance in filing a habeas petition. The letter also reiterates Akram's allegation that he has litigation pending in state court.

## II. Discussion

The doctrine of exhaustion of state remedies requires state prisoners to "give the state courts an opportunity to act on [their] claims before [they] present[] those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Federal district courts ordinarily have authority to grant stays, and in appropriate cases, they may hold a habeas petition in abeyance while an inmate returns to state court to exhaust state remedies for previously unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). But stays are appropriate only in "limited circumstances," *id.* at 77, such as when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

Akram is not engaged in dilatory litigation tactics, but he has not explained the basis for his fraud-on-the-court claim, and the state court's docket indicates that the trial court summarily denied Akram's motion on June 20, 2016. *See People v. Akram*, No. 07-012443-01-FC (Wayne Cty. Cir. Ct. June 20, 2016). Thus, Akram's fraud-on-the-court claim does not appear to be potentially meritorious. Furthermore, Akram has not

---

[2] The letter was forwarded to this Court and filed in this case as docket entry 6.

3

shown "cause" for his failure to exhaust state remedies for his new claim before seeking relief or assistance from this Court. The Court therefore concludes that a stay is not appropriate in this case. Consequently, the Court denies Akram's motion for a stay and to hold the habeas petition in abeyance (ECF No. 5). Akram shall have thirty (30) days from the date of this order to inform the Court whether he wants to proceed with any of the seven claims listed above or whether he prefers to have the Court dismiss his habeas corpus petition without prejudice.

The Court denies Akram's request for appointment of counsel. Additionally, the Court declines to say at the present time whether the filing of Akram's recent state-court motion tolled the federal statute of limitations (28 U.S.C. § 2244(d)), because federal courts may not give advisory opinions. *Flast v. Cohen*, 392 U.S. 83, 96-97 (1968).


Date: September 21, 2016                           s/John Corbett O'Meara
                                                   United States District Judge


I hereby certify that on September 21, 2016, a copy of this order was served upon Petitioner at Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI 49784 by first-class U.S. mail.

                                                   s/William Barkholz
                                                   Case Manager