UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADRIAN MAHDEE AKRAM,

      Petitioner,

v.                                     CASE NO. 16-11357
                                       HON. JOHN CORBETT O'MEARA

JEFFREY WOODS,

      Respondent.
_____/

## ORDER GRANTING PETITIONER'S
## RENEWED MOTION FOR A STAY (ECF NO. 10)

### I. Introduction

On or about April 7, 2016, state prisoner Adrian Mahdee Akram ("Akram") wrote to the Clerk of this Court and indicated that he was indigent and needed assistance of counsel. Akram also inquired about the tolling of the habeas corpus statute of limitations and whether he should file a habeas corpus petition or a "6.500 motion" in state court. The Clerk of the Court filed Akram's letter as a petition for the writ of habeas corpus. *See* ECF No. 1.[1]

---

[1] In 2012 after a third trial, a circuit court jury found Akram guilty of first-degree murder, Mich. Comp. Laws § 750.316, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. The trial court sentenced Akram to life imprisonment for the murder, 38 months to ten years in prison for being a felon in possession of a firearm, and two years in prison for possessing a firearm during the commission of a felony. The Michigan Court of Appeals affirmed Akram's convictions, *see People v. Akram*, No. 315402 (Mich. Ct. App. Apr. 21, 2015), and on February 3, 2016, the Michigan Supreme Court denied leave to appeal. *See People v. Akram*, 873 N.W.2d 591 (Mich. 2016) (table).

On June 7, 2016, the Court's Executive Magistrate Judge ordered Akram to pay the filing fee for this action or to apply for permission to proceed without prepayment of the filing fee and to submit a petition for the writ of habeas corpus. *See* ECF No. 3. Akram subsequently paid the filing fee, and on July 11, 2016, he filed an application for the writ of habeas corpus and a motion to stay these proceedings because his post-conviction motion for fraud on the court was pending in state court. *See* ECF Nos. 4 and 5. In a subsequent letter addressed to the Chief Judge of this Court, Akram stated that he felt an injustice had been done in his case because the Clerk of the Court filed his initial letter of inquiry as a habeas corpus petition even though his post-conviction motion was pending in state court. *See* ECF No. 6.

On September 21, 2016, the Court denied Akram's motion for a stay because the state trial court had already denied his motion for fraud on the court and because it did not appear to the Court that a stay was appropriate. The Court then gave Akram thirty days from the date of its order to inform the Court whether he wanted to proceed with his claims or whether he preferred to have the Court dismiss his habeas corpus petition without prejudice. *See* ECF No. 7.

On October 3, 2016, Akram wrote a letter to the Clerk of the Court and stated that his letter was official notification that he wanted the Court to proceed with his claims and that he did not want his case dismissed. *See* ECF No. 9. On the same day, Akram submitted a renewed motion to stay the federal court proceedings and to hold his habeas petition in abeyance. Akram indicated in his motion that, although the state trial court had denied his motion for fraud on the court, he was seeking relief in the Michigan

Court of Appeals and that he wanted to exhaust state remedies for his fraud-on-the-court claim before raising the issue in his habeas petition. *See* ECF No. 10.

## II. Discussion

State prisoners are required to give the state courts an opportunity to act on their claims before they present their claims to a federal court in a habeas corpus petition. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if the prisoner fairly presents the factual and legal basis for each of his claims to the state court of appeals and to the state supreme court before raising the claims in a habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009).

Akram apparently is attempting to exhaust state remedies for his fraud-on-the-court claim by appealing the trial court's denial of his motion regarding fraud on the court to the Michigan Court of Appeals and to the Michigan Supreme Court. He has asked the Court to stay this case until he has exhausted state remedies for his fraud-on-the-court claim and then proceed to adjudicate all his claims. In the alternative, he has asked the Court to proceed with all his claims, including the fraud-on-the-court claim, if the Court denies his motion for a stay.

Although it does not appear that the one-year statute of limitations for habeas petitions (28 U.S.C. § 2244(d)) is a concern here, the Supreme Court reasoned in *Rose v. Lundy*, 455 U.S. 509 (1982),

> that the interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims. *Id.*, at 518-519, 102 S.Ct. 1198. [The Supreme Court] noted that "[b]ecause 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to

3

> correct a constitutional violation,' federal courts apply the doctrine of comity." *Id.*, at 518, 102 S.Ct. 1198 (quoting *Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 94 L.Ed. 761 (1950)). That doctrine " 'teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.' " 455 U.S., at 518, 102 S.Ct. 1198.

*Rhines v. Weber*, 544 U.S. 269, 273–74 (2005).

Furthermore, federal district courts ordinarily have authority to issue stays when a stay would be a proper exercise of discretion. *Id.* at 276. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

With these considerations in mind, the Court believes that Akram should be permitted to continue to pursue state remedies for his fraud-on-the-court claim. The Court therefore grants Akram's renewed motion for a stay (ECF No. 10) and closes this case for administrative purposes. Nothing in this order shall be construed as an adjudication of Akram's claims.

The Court's stay is conditioned on Akram filing an amended habeas corpus petition with a list of all the claims he wants the Court to consider and a motion to re-open this case if he is unsuccessful in state court and wishes to return to federal court. The amended petition and motion to re-open this case must contain the same case number that appears in the caption of this order, and it must be filed within ninety days of exhausting state remedies for Akram's fraud-on-the-court claim. Failure to comply

with the conditions of this stay could result in the dismissal of this case. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014), *cert. denied*, 135 S. Ct. 1403 (2015).


Date: November 29, 2016                                        s/John Corbett O'Meara
                                                                United States District Judge



    I hereby certify that on November 29, 2016, a copy of this order was served upon the parties of record using the court's ECF system and/or by first-class U.S. mail.

                                                                s/William Barkholz
                                                                Case Manager